## J. H. & J. W. White *v.* G. W. Bondurant.

**Principal and Surety—Surety Bound by Statement, Notwithstanding Statute of Limitation.**

A surety may be bound for the debt of his principal, by his statement, although the recovery against him as surety was barred by time.

**Attachment—Proof of Fraud Charged.**

Before this extraordinary remedy is resorted to, the party obtaining it should have proof upon which to base this action, and the court, in hearing and determining such a question, ought to be well satisfied, from the testimony, of the existence of the fraud charged.

### APPEAL FROM SHELBY CIRCUIT COURT.

March 2, 1872.

OPINION BY JUDGE PRYOR:

The court very properly refused to permit the appellants to file an amended answer. The statements of James White upon his examination by appellee's counsel made him liable for the debt although the recovery against him as surety was barred by time.

Himself and brother had received an estate from their father more than sufficient to pay the appellees debt, and were liable for that reason. The attachment, however, should not have been sustained. The only proof introduced upon this subject, was in substance that the appellants had but little, if any, estate, and that an attachment had been levied upon two mules about one year prior to the trial of this case in favor of one Baskett and the mules sold. That on the day or about the time Baskett's attachment issued the appellants were in the possession of four mules and only two of them were found. Before this extraordinary remedy is resorted to, the party obtaining it should have some proof upon which to base this action, and the court in hearing and determining such a question ought to be well satisfied from the testimony of the existence of the fraud charged. The claim of the appellee is no doubt meritorious, and the appellants have doubtless squandered an estate that ought to have been applied at least a part of it to the payments of their father's debt, but this record presents no such state of facts as authorized the court below to sustain the attachment.

---

---

The judgment is reversed, only so far as it sustains the attachment and the cause remanded with directions to the court below to discharge the attachment and for further proceedings consistent with the opinion.

Judge Peters not sitting.

*B. Twyman, A. G. Roberts, for appellants.*

*Harwood, for appellee.*

